IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| WANDA JO LENIUS AND<br>GARY GENE LENIUS,<br><br>Plaintiffs,<br><br>vs.<br><br>DEERE & COMPANY a/k/a JOHN<br>DEERE COMPANY,<br>CLYDE D'CRUZ, KEVIN KEITH,<br>BRIAN MATSON, AND<br>ROBERT BARNES,<br><br>Defendants. | No. C12-2063<br><br>RULING ON MOTION FOR LEAVE<br>TO AMEND |

This matter comes before the Court on the Motion for Leave of Court to Amend Complaint Pursuant to F.R.C.P. 15(a)(2) Outside of the Scheduling Order (docket number 31) filed by the Plaintiffs on February 22, 2013, and the Resistance (docket number 33) filed by the Defendants on March 8. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 31, 2012, Plaintiffs Wanda Jo Lenius and Gary Gene Lenius filed a complaint against Defendants John Deere Agri Services, Inc., Deere & Company a/k/a John Deere Company, Clyde D'Cruz, Kevin Keith, Brian Matson, Robert Barnes.[1] The complaint alleged gender discrimination in violation of Title VII, retaliation in violation of Title VII, violation of the Age Discrimination in Employment Act, age and gender

---

[1] Plaintiffs later dismissed John Deere Agri Services, Inc. as a defendant.

discrimination in violation of the Iowa Civil Rights Act, retaliation in violation of the Iowa Civil Rights Act, and violation of the Iowa Equal Pay Act. Plaintiffs filed an amendment to their initial complaint "as a matter of course" on October 17.

On November 12, 2012, Defendants filed a motion to dismiss certain counts and certain claims for relief. Among other things, Defendants argued that the defamation claim failed to meet the pleading requirement found in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). On February 14, 2013, the Court entered a ruling granting the motion. Specifically, the Court dismissed Wanda Lenius' defamation claim, finding it failed to meet the minimal pleading requirements of FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) and *Iqbal*.

Four days later, on February 18, Plaintiff filed a motion for leave to amend their complaint, asking that Wanda Lenius be permitted to amend the defamation count. Because the motion failed to comply with Local Rule 7.*l*, it was denied without prejudice. On February 22, Plaintiffs filed the instant motion seeking the same relief. In their proposed amended complaint, Plaintiffs plead the defamation count with more specificity. Defendants apparently concede that the proposed amended complaint satisfies the pleading requirement of *Iqbal*.

Meanwhile, on November 26, 2012, the Court adopted a Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to a February 4, 2013 deadline for amending the pleadings. Also at that time, the case was referred to the undersigned magistrate judge for the conduct of all further proceedings, in accordance with 28 U.S.C. § 636(c) and the consent of the parties.

## II. DISCUSSION

The Court first notes that the instant motion complies meticulously with Local Rule 15. It describes the change being sought (docket number 31-2) and attaches the proposed amended complaint (docket number 31-3). The motion alerts the Court (in compliance

with Local Rule 7.*l*) that Defendants do not consent, and a supporting brief is attached (in compliance with Local Rule 7.d). Defendants resist the motion, arguing Plaintiffs have not shown good cause for failing to file it timely, and asserting it should be denied for other reasons in any event.

### A. *Is There Good Cause for Failing to Timely File the Motion?*

The motion was not timely filed. Pursuant to an agreement of the parties, the Court established a February 4, 2013 deadline for amending pleadings. Plaintiffs' first attempt to amend the defamation claim was on February 18, fourteen days after the deadline for amending pleadings. After the motion for leave to amend was denied without prejudice on technical grounds, Plaintiffs filed the instant motion on February 22, 18 days after the deadline for amending pleadings.

"If a party files for leave to amend outside of the court's scheduling order, the party must show good cause to modify the schedule." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). *See also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)."). Accordingly, the Court must determine whether Plaintiffs have shown good cause for failing to timely file the motion.

Plaintiffs essentially argue that there was good cause not to file the motion to amend their pleadings prior to the February 4, 2013 deadline, because prior to that time there was *no need* to amend. Plaintiffs originally claimed a right to recover for defamation in the amended complaint, filed on October 17, 2012 — well before the deadline for amending the pleadings. Plaintiffs assert that until the Court determined that the initial defamation count failed to comply with *Iqbal*, there was no need to amend. Defendants argue that

Plaintiffs "placed on notice of the pleading deficiency" when Defendants filed their motion to dismiss on November 12, 2012 — nearly three months prior to the pleadings deadline.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). If the movant has not been diligent in meeting the scheduling order's deadlines, the Court will not consider whether the nonmovant was prejudiced by the extension of the deadline. *Id.* at 717. The Eighth Circuit cases reviewing Rule 16(b) "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id.*

Here, Plaintiffs' initial (defective) motion for leave to amend was filed four days after the Court dismissed the defamation count, and just 14 days after the pleadings deadline expired. After an unsuccessful attempt, the instant motion was filed four days later. *If* the Court had found Plaintiffs' initial defamation allegations to be compliant with *Iqbal* — and denied Defendants' motion to dismiss — then there would have been no need to seek the requested amendment. When the Court found the initial defamation count to be lacking, however, and dismissed the claim on February 14, Plaintiffs' first attempt to amend their pleadings to comply with *Iqbal* came just four days later. Under these circumstances, the Court concludes that Plaintiffs were diligent in attempting to comply with the pleadings deadline and, therefore, good cause has been shown for the late filing.

### B. Should the Motion be Denied for Other Reasons?

Defendants also assert the motion should be denied for other reasons, including undue delay, prejudice, and futility. The FEDERAL RULES OF CIVIL PROCEDURE establish a liberal standard for amending pleadings. The Court should freely give leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). The United States Supreme Court has made it clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party does not, however, have an absolute or automatic right to amend. *See*

*U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005). A denial of leave to amend may be justified "by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006). Here, Defendants assert undue delay, unfair prejudice, and futility.

### 1. Undue Delay

The issue of undue delay is closely related to the good cause discussion set forth above. Defendants argue Plaintiffs unduly delayed their motion to amend by waiting more than three months after Defendants "placed her on notice of the defamation pleading deficiency" when they filed their motion to dismiss. The Court concludes, however, that Plaintiffs were not required to amend their pleadings simply because Defendants claimed they were defective. After the Court concluded that the pleadings failed to comply with *Iqbal*, Plaintiffs filed a (defective) motion to amend four days later, and filed the instant motion four days after that. The Court finds no undue delay.

### 2. Unfair Prejudice

Defendants next argue that they will be unduly prejudiced by an amendment bringing the defamation issue back into play. According to their resistance, "[a]lthough Defendants began to seek discovery into Wanda Lenius's defamation claim, they halted that discovery upon entry of the Order that dismissed it."[2] According to Defendants, if Plaintiffs are permitted to renew their defamation claim, "it would substantially broaden the burden, cost, and resources Defendants would devote to discovery in this case."[3]

The Court notes that this action is in its early stages. The deadline for completion of discovery is December 31, 2013, more than nine months from now. While Defendants

---

[2] Defendants' Resistance (docket number 33) at 6.

[3] *Id.*

will presumably have to conduct discovery on the defamation allegations, the Court does not believe that constitutes *unfair* prejudice to Defendants.

### 3. Futility

Finally, Defendants argue that the motion to amend is futile, because the defamation claim is preempted by the Iowa Civil Rights Act. The Court first notes parenthetically that this argument was *not* raised by Defendants in their motion to dismiss Plaintiffs' initial defamation claim. Plaintiffs have not replied to the argument, and the time for doing so has expired.

The cases cited by Defendants in their brief are inapposite. In *Greenland v. Fairtron Corp.*, 500 N.W.2d 36 (Iowa 1993), the Court considered the preemptive effect of the Iowa Civil Rights Act on "alternative claims." At that time, the provisions of Iowa Code Chapter 216 were found in Chapter 601A. In addition to claims of discrimination, Greenland asserted "alternative claims" of intentional infliction of emotional distress, assault, and battery. The Court recognized that "[p]reemption occurs unless the claims are separate and independent, and therefore incidental, causes of action." *Id.* at 38. That is, the alternative claims are preempted if the plaintiff must prove discrimination to be successful in them. *Id.* The Court concluded that "it is impossible for Greenland to establish the emotional distress she alleges without first proving discrimination." *Id.* Accordingly, her claim for intentional infliction of emotional distress was preempted by her Chapter 601A claim. The Court further concluded, however, that "Greenland's claims for assault and for battery are not bound up in her discrimination complaints." *Id.* at 39. That is, her assault and battery claims were "complete without any reference to discrimination." *Id.* Accordingly, the assault and battery claims were not preempted.

Here, Plaintiffs assert in their proposed amendment that Defendants described Wanda Lenius as a "trouble maker," "damaged goods," "crazy," and "out of her mind." This allegation is independent of Plaintiffs' claim of discrimination. Because it is possible

for Wanda Lenius to prove defamation without proving a Chapter 216 violation, the claim is not preempted. *Id.* at 38 ("The test is whether, in light of the pleadings, discrimination is made an element of the alternative claims."). *See also Smidt v. Porter*, 695 N.W.2d 9, 17 (Iowa 2005) ("The ICRA preempts a claim when, 'in light of the pleadings, discrimination is made an element of' the claim."). Therefore, Defendants' argument that the proposed defamation claim is futile because it is preempted by the Iowa Civil Rights Act is without merit.

Defendants further argue, however, that *other* parts of the proposed amended complaint are futile because they are identical to allegations which were previously dismissed by the Court. In the Court's Order of February 14, 2013, it dismissed those parts of Counts I, II, III, IV, XI, and XII which assert a claim against Defendants Clyde D'Cruz, Kevin Keith, Brian Matson, and Robert Barnes, individually. The Court also dismissed Plaintiffs' claims of emotional distress and punitive damages in Counts IV, XI, and XII. The Court also dismissed the common-law negligence claim found in Count X of the amended complaint. Finally, the Court concluded that Plaintiffs may not assert a claim for wage discrimination (Count VII) which occurred prior to April 28, 2009. Plaintiffs' proposed amended complaint realleges all of those same arguments. To the extent Plaintiffs are attempting to replead those parts of the prior amended complaint which have been dismissed by the Court, it is futile and will not be permitted.

### III. SUMMARY

For the reasons set forth above, the Court concludes that Plaintiffs should be permitted to amend their complaint to include a claim by Wanda Lenius for alleged defamation. Plaintiffs will not be permitted, however, to replead those portions of their prior amended complaint which have already been dismissed by the Court. Accordingly, Plaintiffs may file a second amended complaint which is fully compliant with the Court's Order of February 14, 2013, and this Ruling.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Leave to Amend (docket number 31) is **GRANTED in part** and **DENIED in part** as follows: Not later than March 26, 2013, Plaintiffs may file a second amended complaint which is fully compliant with the Court's prior Ruling on Motion to Dismiss (docket number 28) and this Ruling.

DATED this 20th day of March, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA