IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| WANDA JO LENIUS, and<br><br>GARY GENE LENIUS,<br><br>    Plaintiffs,<br><br>v.<br><br>DEERE & COMPANY, aka JOHN DEERE COMPANY,<br><br>CLYDE D'CRUZ, individual,<br><br>KEVIN KEITH, individual, and<br><br>BRIAN MATSON, individual,<br><br>ROBERT BARNES, individual,<br><br>    Defendants. | Case No.: 6:12-cv-02063-EJM<br><br>**SECOND PROPOSED AMENDED COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1. This civil lawsuit is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.; the Age Discrimination in Employment Act ("the ADEA"), 29 U.S.C. Section 623; Iowa Civil Rights Act, and Iowa Code Chapter 216 and result from deprivations of the rights of the Plaintiffs by Deere & Company aka John Deere Company (hereinafter "John Deere"), their manager of supply management at Waterloo Tractor Works (Clyde D'Cruz), their manager of human resources (Kevin Keith), their manager of supplier integration at Waterloo Tractor Works (Brian Matson), and their manager of Engine Engineering (Robert Barnes).

2. The unlawful employment practices and other violations of the law were committed in Black Hawk County, Iowa.

JURISDICTION

3. This Court has jurisdiction over these claims under Article III, Section I of the United States Constitution and under 28 U.S.C. Sections 1331 and 1343(a)(3). The Plaintiffs also invoke supplemental jurisdiction of this Court pursuant to Section 28 U.S.C. Section 1367(a) to decide their state law claims. Venue is established in this judicial district under 28 U.S.C. 1391(b) in that Defendants resided at all times material to and the events giving rise to this claim occurred in this District.

PARTIES

4. Plaintiff, Wanda Jo Lenius (hereinafter "Wanda Lenius"), is a citizen and resident of the United States, and at all times material hereto, was a citizen and resident of the City of Waterloo, Black Hawk County, Iowa. Plaintiff, Wanda Lenius, is a female over the age of forty at all times material hereto and protected from discriminatory practices pursuant to Iowa Code Chapter 216, 42 U.S.C. Section 2000e, and 42 U.S.C. Section 1983, and 29 U.S.C. Section 623. Plaintiff, Wanda Lenius, was employed by Defendant, John Deere, from 2001 until 2005; her final position as a buyer and supply management specialist in Product Development Process ("PDP"). She is currently still an employee of Defendant, John Deere, on long term disability.

5. Plaintiff, Gary Gene Lenius (hereinafter "Gary Lenius"), is a citizen and resident of the United States, and at all times material hereto, was a citizen and resident of the City of Waterloo, Black Hawk County, Iowa. Plaintiff, Gary Lenius, is a male, over the age of forty at all times material hereto and protected from discriminatory practices pursuant to Iowa Code Chapter 216, 42 U.S.C. Section 2000e, 42 U.S.C. Section 1983, and 29 U.S.C. 623. Plaintiff,

Gary Lenius, began his employment with Defendant, John Deere, on May 28, 1974 and is currently still employed by Defendant, John Deere. At all times material to, Plaintiff, Gary Lenius, was employed in Engine Engineering.

6. At all times material hereto, Plaintiff, Wanda Lenius, has been married to Plaintiff, Gary Lenius.

7. Defendant, John Deere, is a Delaware corporation with its principal place of business at One John Deere Place in Moline, Illinois. It is a foreign corporation in the State of Iowa with a fictitious name of John Deere Company. The discriminatory practices alleged herein occurred at Defendant, John Deere's, plant location in Waterloo, Black Hawk County, Iowa.

8. Defendant, Clyde D'Cruz, at all times material hereto, was a manager of supply management and employed by Defendant, John Deere.

9. Defendant, Kevin Keith, at all times material hereto, was manager of human resources and employed by Defendant, John Deere.

10. Defendant, Brian Matson, at all times material hereto, was manager of supplier integration and employed by Defendant, John Deere.

11. Defendant, Robert Barnes, at all times material hereto, was a manager of engine engineering and employed by Defendant, John Deere.

## PROCEDURAL REQUIREMENTS

12. On October 14, 2004, within 180 days from which Plaintiff complains, Plaintiff, Wanda Lenius, filed a complaint with the Iowa Civil Rights Commission ("ICRC") against the above-named Defendant, John Deere. This complaint was then forward to the United States Equal Employment Opportunity Commission ("EEOC").

13. The EEOC investigated Plaintiff Wanda Lenius's complaint and issued a final determination on June 24, 2011, that reasonable cause to believe violations of Title VII and ADEA do exist; attempts for conciliations between the EEOC on behalf of Plaintiff, Wanda Lenius, and Defendant, John Deere, were attempted and failed.

14. On July 31, 2012, less than ninety days prior to the filing of this complaint, the EEOC issued Plaintiff, Wanda Lenius, a Notice of Right to Sue letter with respect to such charges of discrimination, a copy of which is attached hereto. Likewise, the ICRC issued a Notice of Right to Sue letter with respect to such charges of discrimination on August 7, 2012.

15. On February 28, 2005, within 180 days from which Plaintiff complains, Plaintiff, Gary Lenius, filed a complaint with the Iowa Civil Rights Commission ("ICRC") against the above-named Defendant, John Deere. This complaint was then forward to the United States Equal Employment Opportunity Commission ("EEOC").

16. The EEOC has investigated Plaintiff, Gary Lenius's, complaint and a final determination was issued on June 7, 2012.

17. Less than ninety days prior to the filing of this complaint, the EEOC and ICRC issued Plaintiff, Gary Lenius, a Notice of Right to Sue letter with respect to such charges of discrimination.

GENERAL BACKGROUND – PLAINTIFF WANDA LENIUS

18. According to Defendant, John Deere, the John Deere Global Evaluation Process ("GJE") was designed to define and grade specific job functions within the corporation, as well as rate the relative values of these jobs within the corporation—the higher the value, the higher the GJE grade would be. The supposed goal of this job evaluation process was to make it more objective.

4

19. Sometime in 2003, Defendants, Clyde D'Cruz and Brian Matson, determined the grade levels of each new job in Supply Management under the GJE system.

20. On or about May 1, 2004, the new job titles and grades for buyers in Product Development Process ("PDP") and Order Fulfillment Process ("OFP") were released.

21. At the time that the new job titles were released, there were approximately ten buyers in PDP and ten buyers in OFP. With the implementation of GJE, every buyer who was previously a Grade 6 received a Grade 7, except for Plaintiff, Wanda Lenius, and Gayle Forster. Of those who received upgrades, none of them were over the age of forty. In fact, many younger employees with less experience received upgrades under GJE. Those buyers over the age of forty who were placed at a Grade 7 were men who were already a Grade 7 prior to the implementation.

## FACTUAL BACKGROUND – PLAINTIFF WANDA LENIUS

22. In 2000, Plaintiff, Wanda Lenius, became a contract employee with Defendant, John Deere, in Engine Engineering.

In 2001, she became a full time employee as a supply manager specialist in Product Development Process ("PDP"). Plaintiff, Wanda Lenius, at that time was informed her position would be a Labor Grade 6. In her intial position, her duties required her to purchase hydraulic components for products in development.

23. However, before she began in this position, Defendant, Clyde D'Cruz, became her new supervisor, and she was then informed she would start at a Labor Grade 5 instead.

24. In 2002, Plaintiff, Wanda Lenius, became a new program buyer in PDP which increased her job duties and responsibilities. However, she received no increase in Labor Grade or pay increase despite this.

5

25. In October of 2003, Plaintiff, Wanda Lenius, was assigned an additional job in which she was lead buyer for cab parts and engines. With this change, Plaintiff, Wanda Lenius, received an upgrade to Labor Grade 6.

26. At all other John Deere locations, a similar buyer position in PDP or OFP held by Plaintiff, Wanda Lenius, was a Labor Grade 7.

27. In April of 2004, Plaintiff, Wanda Lenius, learned that her new job title under GJE would be SMS II. She was one of only two individuals in all of PDP or OFP to be assigned SMS II rather than SMS III. The other individual was Gayle Forster. Both of these employees were women over the age of forty. No women over the age of forty received the SMS III position during this change.

28. A meeting took place on April 14, 2004, where Plaintiff, Wanda Lenius, along with Gayle Forster, expressed their concerns with their manager, Defendant, Brian Matson, that their failure to be categorized as SMS III in light of their job duties, experience, and responsibilities was discriminatory based on their gender and age.

29. Plaintiff, Wanda Lenius, attempted on multiple occasions to apply and transfer to a different position that would qualify her as a Labor Grade 7 and remove her from PDP. She was informed by her manager, Defendant, Brian Matson, that every position for which she applied would then be routed through Defendant, Clyde D'Cruz, who would inform the supervisor that Plaintiff, Wanda Lenius, was unavailable for the position.

30. Plaintiff, Wanda Lenius, is currently on long term disability and social security due to medical conditions that arose following the events described in this Complaint.

31. Plaintiff, Wanda Lenius's, former position as a buyer in PDP was filled by a twenty-eight year old male. He began this position as a Labor Grade 7.

## FACTUAL BACKGROUND – GARY LENIUS

32. Plaintiff, Gary Lenius, began working at John Deere Engine Works for Defendant, John Deere, on May 28, 1974. From 1975 until 2008, Plaintiff, Gary Lenius, was located at the Product Engineering Center. From 2008 to present day, he has been employed at the Engine Works location in Waterloo, Iowa. His current position is in the Engine Engineering Department, designing and developing diesels, as a Project Engineer.

33. On September 13, 2004, Plaintiff, Gary Lenius, was informed by his manager, Bob Barnes, that his position was being downgraded from a Labor Grade 9 to a Labor Grade 8 per the GJE implementation. The information of this change was shared with Plaintiff, Gary Lenius, four months after the same information was shared with other employees, but shortly after heated meetings between Plaintiff, Gary Lenius's wife, Plaintiff, Wanda Lenius, and the ongoing discrimination she was suffering in the company.

34. Plaintiff, Gary Lenius, is currently an S450 Continuous Improvement Manager, a Labor Grade 10. Although he has received this promotion since the above-mentioned downgrade, Plaintiff, Gary Lenius, was held back for multiple years and `has yet to reach the labor grade status he would presently be at had he not experienced this type of retaliation.

## COUNT I: VIOLATION OF 42 U.S.C. SECTION 2000e – DISCRIMINATION AGAINST WANDA LENIUS

35. Plaintiff, Wanda Lenius, repleads Paragraphs 1–31 as if fully set forth herein.

36. The Defendant, John Deere, and its employees have discriminated against Plaintiff, Wanda Lenius, in the terms and conditions of her employment, have permitted gender discrimination, have subjected Plaintiff, Wanda Lenius, to continual gender-based harassment,

7

and have allowed, fostered and maintained a hostile and offensive work environment all in violation of 42 U.S.C. Section 2000e and 29 U.S.C. Section 623.

37. Plaintiff, Wanda Lenius, has been damaged as a direct and proximate result of all Defendants' aforesaid discrimination.

38. That said Defendants acted intentionally or with reckless disregard for the Plaintiff's rights.

39. That as a direct and proximate result of the aforesaid discrimination, Plaintiff has been injured and her damage consists of, but is not limited to, the following:

    a. Past and future medical expenses;
    b. Past and future loss of wages;
    c. Past and future emotional distress or pain and suffering;
    d. Exemplary or punitive damages.

WHEREFORE, Plaintiff, Wanda Lenius, prays for judgment against the Defendant, John Deere, in an amount which will fully and fairly compensate her for her injuries and for punitive damages in an amount that will deter others and punish said Defendant, and for interest as allowed by law, attorney fees, the costs of this action and other such relief as may be just in the premises and consistent with the purposes of Title VII of the Civil Rights Act of 1964.

### COUNT II: VIOLATION OF 42 U.S.C. SECTION 2000e – RETALIATION AGAINST PLAINTIFF, WANDA LENIUS

40. Plaintiff repleads Paragraphs 1–31 as if fully set forth herein.

41. Subsequent to Plaintiff, Wanda Lenius, contacting Defendant, John Deere, as well as its employees, about the age and gender discrimination, the harassment, and the hostile work environment, thus making them aware of her future civil rights complaint, Defendants subjected Plaintiff to ever increasing adverse action and additional harassment in direct retaliation for asserting her rights under Title VII.

42. Plaintiff, Wanda Lenius, has been damaged as a direct and proximate result of Defendants' aforesaid acts or omissions.

43. Defendants acted intentionally or with reckless disregard for Plaintiff's rights.

44. As a direct result of the aforesaid retaliation by said Defendant, Plaintiff has been injured and her damages consist of, but are not limited to, the following:

   a. Past and future medical expenses.
   b. Past and future loss of wages.
   c. Past and future emotional distress or pain and suffering.
   d. Exemplary or punitive damages.

WHEREFORE, Plaintiff, Wanda Lenius, prays for judgment against the Defendant, John Deere, in an amount which will fully and fairly compensate her for her injuries and for punitive damages in an amount that will deter others and punish said Defendant, and for interest as allowed by law, attorneys' fees, the costs of this action, and other such relief as may be just in the premises and consistent with the purposes of Title VII of the Civil Rights Act of 1964.

## COUNT III: VIOLATION OF 42 U.S.C. SECTION 2000e – RETALIATION AGAINST PLAINTIFF, GARY LENIUS

45. Plaintiff repleads Paragraphs 1–39 as if fully repled herein.

46. Subsequent to Plaintiffs, Wanda Lenius and Gary Lenius, contacting Defendant, John Deere, as well as its employees, about the age and gender discrimination and the hostile work environment subjected against her, thus making them aware of a future civil rights complaint, Defendant, John Deere, and its employees subjected Plaintiff, Gary Lenius, to ever increasing adverse action and denied Plaintiff promotional opportunities due to his wife asserting her rights under Title VII.

9

47. Plaintiff, Gary Lenius, has been damaged as a direct and proximate result of the Defendants' acts and omissions as a result of the aforesaid Defendants' discrimination and retaliation.

48. That, as a direct result of the aforesaid discrimination, Plaintiff, Gary Lenius, has suffered injuries as followed:

   a. Past and future medical expenses.
   b. Past and future loss of wages.
   c. Past and future emotional distress or pain and suffering.
   d. Exemplary or punitive damages.

WHEREFORE, Plaintiff, Gary Lenius, prays for judgment against the Defendant, John Deere, in an amount which will fully and fairly compensate him for his injuries and for punitive damages in an amount that will deter others and punish the Defendants, and for interest as allowed by law, attorneys' fees, the costs of this action and other such relief as may be just in the premises and consistent with the purpose of Title VII of the Civil Rights Acts of 1964.

COUNT IV: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. SECTION 623 – PLAINTIFF WANDA LENIUS

49. Plaintiff, Wanda Lenius, repleads Paragraphs 1–31 as if fully set forth herein.

50. Plaintiff's job duties required equal, substantially similar, or more skill, effort and responsibility as those of her younger counterparts.

51. Defendants failed to compensate Plaintiff at a rate equal to her younger counterparts and commensurate with Plaintiff's Pay Grade.

52. As a proximate result of Defendants' willful acts and omissions, Plaintiff has in the past and will in the future suffer damages. Plaintiff is owed the appropriate amount of back pay, as well as liquidated damages in an amount equal to Plaintiff's owed back pay due to the Defendants' clear knowledge, or at the least reckless disregard, for the prohibited conduct that

occurred as aforementioned. Plaintiff is also owed front pay in an amount to be determined by the Court as a result of reinstatement being an unavailable remedy.

53. Defendants additionally subjected Plaintiff, Wanda Lenius, to continual age-based harassment in violation of the ADEA which has caused significant damage as a direct result.

WHEREFORE, Plaintiff, Wanda Lenius, demands judgments against Defendant, John Deere, which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorneys' fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Age Discrimination in Employment Act.

## COUNT V: VIOLATION OF IOWA CODE CHAPTER 216 – DISCRIMINATION AGAINST PLAINTIFF, WANDA LENIUS

54. Plaintiff, Wanda Lenius, repleads Paragraphs 1-31 as if fully set forth herein.

55. The Defendant, John Deere, and its employees, Clyde D'Cruz, Kevin Keith, and Brian Matson, have discriminated against Plaintiff, Wanda Lenius, in the terms and conditions of her employment, have committed age and gender discrimination, have subjected Plaintiff, Wanda Lenius, to continual gender- and age-based harassment, and have allowed, fostered, and maintained a hostile and offensive work environment all in violation of Iowa Code Chapter 216.

56. Plaintiff, Wanda Lenius, has been damaged as a direct and proximate result of all Defendants' aforesaid discrimination.

57. That said Defendants acted intentionally, willfully, or with reckless disregard for the Plaintiff's rights.

58. That as a direct and proximate result of the aforesaid discrimination, Plaintiff has been injured and her damages consist of, but are not limited to, the following:

11

     a.     Past and future medical expenses;
     b.     Past and future loss of wages, including three time the wage differential based on willful behavior on the part of the Defendants;
     c.     Past and future emotional distress or pain and suffering.

WHEREFORE, Plaintiff, Wanda Lenius, prays for judgment against the Defendants, John Deere, Clyde D'Cruz, Kevin Keith, and Brian Matson, and each of them in an amount which will fully and fairly compensate him for his injuries, for interest as provided by law, attorneys' fees, the costs of this action, and other such relief as may be just in the premises and consistent with the purposes of the Iowa Civil Rights Act.

## COUNT VI: VIOLATION OF IOWA CODE CHAPTER 216 – RETALIATION AGAINST PLAINTIFF, WANDA LENIUS

59.     Plaintiff repleads Paragraphs 1-31, 54-58 as if fully set forth herein.

60.     Subsequent to Plaintiff, Wanda Lenius, alerting Defendant, John Deere, as well as its employees, about the discriminatory practices, the age-and gender-based harassment, and the hostile work environment that were occurring in the supply management department, thus making them aware of future civil rights complaints, Defendants subjected Plaintiff, Wanda Lenius, to ever increasing adverse action and additional harassment in direct retaliation for asserting her rights under Iowa Code Chapter 216.

61.     Plaintiff, Wanda Lenius, has been damaged as a direct and proximate result of Defendants' aforesaid acts and omissions.

62.     Defendants acted intentionally, willfully, or with reckless disregard for Plaintiff's rights.

63.     As a direct result of the aforesaid retaliation by said Defendants, Plaintiff, Wanda Lenius, has been injured and her damages consist of, but are not limited to, the following:

     a.     Past and future medical expenses;

  b. Past and future loss of wages;
  c. Past and future emotional distress or pain and suffering.

  WHEREFORE, Plaintiff, Wanda Lenius, prays for judgment against the Defendants, John Deere, Clyde D'Cruz, Brian Matson, and Kevin Keith, and each of them in an amount which will fully and fairly compensate her for her injuries, and for interest, as allowed by law, attorneys' fees, the costs of this action, and other such relief as may be just in the premises and consistent with the purposes of the Iowa Civil Rights Act.

## COUNT VII: VIOLATION OF THE EQUAL PAY ACT, CHAPTER 216.6A, IN VIOLATION OF IOWA CIVIL RIGHTS UNEQUAL PAY BASED ON AGE AGAINST WANDA LENIUS

  64. Plaintiff, Wanda Lenius, repleads Paragraphs 1-31 as if fully set forth herein.

  65. Plaintiff, Wanda Lenius's, job duties required equal, substantially similar, or more skill, effort, and responsibility as those of her younger counterparts.

  66. Defendants failed to compensate Plaintiff at a rate equal to her younger counterparts and commensurate with Plaintiff's Pay Grade.

  67. As a proximate result of Defendants' acts or omissions, Plaintiff, Wanda Lenius, has in the past and will in the future suffer damages, including but not limited to, mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, loss of enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

  68. Defendants actions were willful.

  WHEREFORE, Plaintiff demands judgments against Defendants, John Deere, Clyde D'Cruz, Kevin Keith, and Brian Matson, which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendants and deter others, for interest as allowed by law, for attorneys' fees, for the costs of this action, for

13

appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Unequal Pay Act Based on Age from the date the law went into effect on April 28, 2009 to present day and ongoing.

COUNT VIII: VIOLATION OF IOWA CODE CHAPTER 216 – RETALIATION AGAINST PLAINTIFF, GARY LENIUS

69. Plaintiff repleads Paragraphs 1-39, 54-58, as if fully set forth herein.

70. Subsequent to Plaintiffs, Wanda Lenius and Gary Lenius, alerting Defendant, John Deere, as well as its employees, about the discriminatory practices and the hostile work environment that were occurring in the supply management department, thus making them aware of the future civil rights complaint, Defendants subjected Plaintiff, Gary Lenius, to ever increasing adverse action and additional harassment in direct retaliation for his wife asserting her rights under Iowa Code Chapter 216.

71. Plaintiff, Gary Lenius, has been damaged as a direct and proximate result of Defendants' aforesaid acts and omissions.

72. Defendants acted intentionally, willfully, or with reckless disregard for Plaintiff's rights.

73. As a direct result of the aforesaid retaliation by said Defendants, Plaintiff, Gary Lenius, has been injured and his damages consist of, but are not limited to, the following:

    a. Past and future medical expenses;
    b. Past and future loss of wages;
    c. Past and future emotional distress or pain and suffering.

WHEREFORE, Plaintiff, Gary Lenius, prays for judgment against the Defendants, John Deere, Kevin Keith and Robert Barnes, and each of them in an amount which will fully and fairly compensate him for his injuries, and for interest, as allowed by law, attorneys' fees, the

costs of this action, and other such relief as may be just in the premises and consistent with the purposes of the Iowa Civil Rights Act.

## COUNT IX – VIOLATION OF CHAPTER 659 OF THE IOWA CODE, SLANDER AND LIBEL OR DEFAMATION, AGAINST PLAINTIFF, WANDA LENIUS

74. Plaintiff, Wanda Lenius, repleads Paragraphs 1-31 as if fully set forth herein.

75. That Defendant, John Deere, by and through its employees, including but not limited to Defendant, Brian Matson, Clyde D'Cruz, and Kevin Keith, published statements about Plaintiff, Wanda Lenius, that were defamatory and were of and concerning Plaintiff, Wanda Lenius, and these statements were published by John Deere employees while acting within the scope of their employment.

76. Specifically, Defendants defamed Plaintiff including but not limited to the following ways:

(a) Defendant Brian Matson described Plaintiff, Wanda Lenius, as a "trouble maker" to the manager of another department within John Deere;
(b) Defendants Clyde D'Cruz and Brian Matson were telling other managers, supervisors, and employees present at staff meetings that Plaintiff, Wanda Lenius, was "damaged goods" and that she did not deserve to work at John Deere anymore;
(c) A manager at John Deere, Daria Jerauld, published statements to other managers at a dinner party that Plaintiff, Wanda Lenius, was "crazy" and "out of her mind"; and
(d) That Plaintiff suspects ongoing statements exist yet to be discovered based on circumstantial evidence and hearsay.

77. That the statements referenced in Paragraph 75 were false and with malice.

78. That the statements in Paragraph 75 and 76 were defamatory per se in that they affected Plaintiff, Wanda Lenius, in her business, trade, profession or office.

79. That, as a proximate result of those statements referenced in Paragraphs 75–78, Plaintiff, Wanda Lenius's, reputation and good name were injured, that she was denied

15

promotional opportunities due to the defamatory statements, and that she suffered mental anguish and emotional trauma.

WHEREFORE, Plaintiff demands judgments against Defendants, John Deere, Clyde D'Cruz, Kevin Keith, and Brian Matson, which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendants and deter others, for interest as allowed by law, for attorneys' fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of Chapter 659 of the Iowa Code.

## COUNT XI: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. SECTION 623 – RETALIATION AGAINST PLAINTIFF WANDA LENIUS

85. Plaintiff, Wanda Lenius, repleads Paragraphs 1–31, 49–53 as if fully set forth herein.

86. Subsequent to Plaintiff, Wanda Lenius, contacting Defendant, John Deere, as well as its employees, about the ongoing age discrimination, the harassment, and the hostile work environment, thus making them aware of this future complaint, Defendant subjected Plaintiff to ever increasing adverse action and additional harassment in direct retaliation for asserting her rights under the ADEA.

87. Plaintiff, Wanda Lenius, has been damaged as a direct and proximate result of Defendants' aforesaid acts or omissions.

88. Defendants acted intentionally or with reckless disregard for Plaintiffs' rights.

89. As a direct result of the aforesaid retaliation by said Defendant, Plaintiff has been injured and her damages consist of, but are not limited to, the following:

    a.    Past and future medical expenses.
    b.    Past and future loss of wages

WHEREFORE, Plaintiff, Wanda Lenius, prays for judgment against the Defendant, John Deere, in an amount which will fully and fairly compensate her for her injuries and for interest as allowed by law, attorneys' fees, the costs of this action, and other such relief as may be just in the premises and consistent with the purposes of the Age Discrimination in Employment Act.

## COUNT XII: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. SECTION 623 – RETALIATION AGAINST PLAINTIFF GARY LENIUS

90. Plaintiff, Gary Lenius, repleads Paragraphs 1–39, 49–53 as if fully set forth herein.

91. Subsequent to Plaintiff, Gary Lenius and Wanda Lenius, contacting Defendant, John Deere, as well as its employees, about the ongoing age discrimination, the harassment, and the hostile work environment, thus making them aware of this future complaint, Defendant subjected Plaintiff to ever increasing adverse action and denial of promotional opportunity in direct retaliation for asserting her rights under the ADEA.

92. Plaintiff, Gary Lenius, has been damaged as a direct and proximate result of Defendants' aforesaid acts or omissions.

93. Defendants acted intentionally or with reckless disregard for Plaintiffs' rights.

94. As a direct result of the aforesaid retaliation by said Defendant, Plaintiff has been injured and his damages consist of, but are not limited to, the following:

   a. Past and future loss of wages

WHEREFORE, Plaintiff, Gary Lenius, prays for judgment against the Defendant, John Deere, in an amount which will fully and fairly compensate him for his injuries and for interest

17

as allowed by law, attorneys' fees, the costs of this action, and other such relief as may be just in the premises and consistent with the purposes of the Age Discrimination in Employment Act.

## JURY DEMAND

COMES NOW, the Plaintiffs and demand trial by jury of all Counts alleged in their Complaint.

HOPKINS & HUEBNER, P.C.

By /s/ Gregory T. Racette
    GREGORY T. RACETTE, AT0006447
    2700 Grand Ave. Suite 111
    Des Moines, IA 50312
    Telephone: 515-244-0111
    Facsimile: 515-697-4299
    Email:gracette@hhlawpc.com

ATTORNEY FOR PLAINTIFFS

Original filed.