IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JOSEPH SELLERS,<br><br>    Plaintiff,<br><br>vs.<br><br>DEERE & COMPANY a/k/a JOHN DEERE COMPANY, and CLYDE D'CRUZ, individual,<br><br>    Defendants. | No. C12-2050 |
| WANDA JO LENIUS AND GARY GENE LENIUS,<br><br>    Plaintiffs,<br><br>vs.<br><br>DEERE & COMPANY a/k/a JOHN DEERE KEVIN KEITH, CLYDE D'CRUZ, KEVIN KEITH, BRIAN MATSON, AND ROBERT BARNES,<br><br>    Defendants. | No. C12-2063 |
| DELYORCE RAYE REBOUCHE,<br><br>    Plaintiff,<br><br>vs.<br><br>DEERE & COMPANY a/k/a JOHN DEERE COMPANY, RODGER BURRIS, AND BRUCE BOARDMAN,<br><br>    Defendants. | No. C12-2064 |

| GAYLE LELA FORSTER, and GREGORY DAVID FORSTER, | |
|---|---|
| Plaintiffs, | No. C12-2072 |
| vs. | RULING ON MOTION TO RECONSIDER |
| DEERE & COMPANY a/k/a JOHN DEERE COMPANY, CLYDE D'CRUZ, individual, KEVIN KEITH, individual, BRIAN MATSON, individual, AND BRIAN CARLSON, individual, | |
| Defendants. | |

These matters come before the Court on the Motion to Reconsider filed by Defendant Deere & Company on February 3, 2014, and the Resistance filed by the Plaintiffs on the same date. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

Pursuant to Deere's motion for protective order, the Court ruled on January 7, 2014 that Deere's chairman and CEO, Samuel R. Allen, was not required to submit to a deposition at that time. Almost immediately, Plaintiffs filed a "motion for relief" from that Order, citing additional evidence suggesting that Allen had more knowledge regarding these events than previously disclosed. On January 20, the Court reversed itself and found that "Plaintiffs are entitled to depose Samuel R. Allen regarding his role in the events underlying these lawsuits." Now, Deere has filed the instant motion to reconsider, renewing its argument that Plaintiffs must first exhaust less burdensome means of discovery pursuant to the "apex doctrine." Alternatively, Deere asks that Allen's deposition "be strictly limited in both time and subject matter."

2

In its initial motion for protective order, Deere argued that the apex doctrine prohibited depositions of high-ranking corporate officers unless it is established that the executive (1) has unique, non-repetitive firsthand knowledge of the facts and issues in the case, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success. *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *2 (N.D. Cal.). In resisting the motion for protective order, Plaintiffs argued that Allen has unique, firsthand knowledge of the events, citing email exchanges between Allen and Plaintiff Gary Lenius in March 2003, and August and October 2004. The Court granted Deere's motion for protective order, finding that Allen "is not required to submit to a deposition at this time."

In granting Deere's motion, the Court noted that Lenius sent an email to Allen on March 6, 2003, and another email on March 11, 2003. However, the Court also noted that "[t]here is no evidence that Allen sent Lenius an email on this issue in 2003." The Court relied on a declaration by Allen, signed under penalty of perjury, that "I am *certain* that I never contacted any Deere employee about changing the grade level of any of the Plaintiffs, including Gary Lenius." (emphasis added) Following the hearing on the motion for protective order, however, Plaintiffs produced an email from Allen to Lenius, dated March 11, 2003, stating in part that "[w]hen I channeled your concerns to the appropriate people in JDPSG, they agreed things were handled incorrectly and made the changes without any prompting from me." Allen also asked that "you keep this between us."

Allen's March 11, 2003 email suggests, notwithstanding his sworn declaration, that he *did* contact a Deere employee about Lenius' change in grade level. When Allen wrote that he "channeled your concerns to the appropriate people," he confirmed that contact; whether he simply forwarded Lenius' email, or called or wrote to someone in the John Deere power systems group regarding Lenius' complaint. By writing that "they agreed things were handled incorrectly," Allen suggests in his email that he received some sort

3

of response. Because the email suggests that Allen was incorrect in stating under oath that he was "certain that I never contacted any Deere employee" regarding Lenius' grade level change, the Court concludes that Plaintiffs are entitled to depose Allen to resolve the discrepancy.

Similarly, in October 2004, Allen responded to Lenius' email complaining about "numerous personnel issues with corporate HR." In his response on October 29, Allen informs Lenius that "[b]ased on information I have received, I am comfortable with our current position." Again, this suggests that Allen had some communication with others regarding the dispute. In his declaration submitted in support of the motion for protective order, Allen states regarding the emails from Gary and Wanda Lenius between July and October 2004, that he "would have simply referred them to Corporate HR and would not have followed up on the issue in any manner." His email stating that he was "comfortable with our current position" suggests there may have been some "follow up."

Given all of the circumstances, the Court concludes that Plaintiffs should be permitted to question Allen under oath regarding his emails and the statements contained in his declaration. In its Order of January 20, 2014, the Court found that "Plaintiffs are entitled to depose Samuel R. Allen regarding his role in the events underlying these lawsuits." I was imprecise in the language used in my Order. Plaintiffs are not entitled to a wide-ranging deposition of Allen regarding all of "the events underlying these lawsuits." Rather, Plaintiffs are entitled to question Allen regarding the email exchanges in 2003 and 2004, and his actions regarding those emails. Given the limited scope of the deposition, the Court finds that one hour is sufficient to adequately discover Allen's unique, firsthand knowledge in that regard.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Reconsider filed by Deere and Company on February 3, 2014 is **GRANTED in part** and **DENIED in part** as follows:

4

Plaintiffs shall be permitted to take the deposition of Samuel R. Allen regarding the emails which he wrote to Lenius in March 2003 and October 2004, and the actions which he took in that regard. The deposition will be limited to one (1) hour.

DATED this 5th day of February, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA