IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| WANDA JO LENIUS,<br><br>    Plaintiff,<br><br>vs.<br><br>DEERE & COMPANY *et al.*,<br><br>    Defendants. | No. C12-2063<br><br>RULING ON MOTIONS TO STRIKE |
| GAYLE LELA FORSTER,<br><br>    Plaintiffs,<br><br>vs.<br><br>DEERE & COMPANY. *et al.*,<br><br>    Defendants. | No. C12-2072 |

On the 5th day of November 2014, this matter came on for hearing on the Motion to Strike Untimely Expert Reports from Michael Sandberg and to Preclude Sandberg from Testifying at Trial Regarding Untimely Disclosed Opinions filed by Defendants in the Lenius case on September 30, 2014 and in the Forster case on October 14, 2014. The Plaintiffs were represented by their attorney, Amy Pellegrin. The Defendants were represented by their attorneys, Debra Hulett and Frances M. Haas.

## I. BACKGROUND

On August 31, 2012, Wanda Lenius filed a complaint seeking damages for sex and age discrimination. Gayle Forster filed a similar complaint on October 15, 2012. Pursuant to an agreement of the parties, the cases were consolidated for purposes of discovery.

On November 26, 2012, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to a January 15, 2013 deadline for initial disclosures. The parties also agreed to deadlines for disclosure of expert witnesses, with Plaintiffs' disclosure due not later than May 6, 2013. The discovery deadline was set on December 31, 2013.

On January 15, 2013, Plaintiffs timely served their initial disclosures pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1).[1] Among other things, Plaintiffs identified an "economist who will testify to economic loss." Specifically, Plaintiffs identified Mike Sandberg, and provided his address and telephone number. According to the initial disclosure, Sandberg "will testify to the loss of back and front pay as a result of the discrimination to each of the claimants herein."

On the same date, Plaintiffs provided Defendants with a letter from Sandberg to Plaintiffs' attorney, setting forth his conclusions regarding the "total economic loss" suffered by each Plaintiff.[2] Based on certain assumptions regarding their pay grade level if Lenius and Forster had continued to work at Deere, Sandberg calculated their loss of earnings and the value of lost fringe benefits and bonus. Sandberg estimated Lenius' loss at $1,809,026, and estimated Forster's loss at $1,632,878.[3] The report concludes by noting that "the total economic loss amount does not include employer-paid contributions to other fringe benefits *including the defined pension benefit plan.*" (emphasis added)

---

[1] *See* Exhibit H attached to the instant motions.

[2] *See* Exhibit A. The letter regarding Forster is dated December 27, 2012, while the letter regarding Lenius is dated December 28, 2012.

[3] Sandberg assumed that Lenius had a 16.8-year worklife expectancy and Forster had a 13.6-year worklife expectancy. Sandberg's calculation for Lenius assumed a midpoint pay grade level 7, with increases over time to levels 8 and 9. In calculating Forster's loss, Sandberg assumed that she would be compensated throughout at a level 8 pay grade.

2

On May 17, 2013, Plaintiffs timely served their disclosure of expert testimony.[4] Seven experts were identified, including Michael Sandberg. The disclosure regarding Sandberg provided the following information:

    a.    This expert will testify in each of the Plaintiff's cases as a financial expert.
    b.    Initial report and supporting documents upon which he relied have been previously provided.
    c.    No exhibits have been prepared at this time beyond the information previously provided to Defendants. This will be supplemented if necessary.
    d.    A curriculum vitae has been previously provided to Defendants reflecting this expert's qualifications.
    e.    A list of cases in which this expert has previously testified is attached hereto under Tab 1.
    f.    This expert is being compensated at a rate of $225/hour.

Disclosure of expert testimony (Exhibit B) at 2.

On May 28, 2013, Defendants' counsel contacted Plaintiffs' counsel to arrange for depositions of the Plaintiffs and their experts.[5] Eventually, it was agreed that the deposition of Michael Sandberg would be taken on November 26, 2013. According to Defendants' motion, "[a] few minutes before commencing the first Sandberg deposition on November 26, 2013, [Plaintiff's] attorney explained that at some point in the future, Sandberg intended to provide a new report relating to pension benefits."[6] Defendants assert that prior to that discussion on November 26, Defendants had not been told that

---

[4] The initial deadline was May 6, but it was extended to May 17 at Plaintiffs' request and with Defendants' consent.

[5] *See* Exhibit I.

[6] Motion to Strike at 4, ¶ 13.

"Sandberg's report was incomplete or that there was any reason Defendants should wait for Sandberg to complete his opinion before deposing him."[7]

On November 25, 2013 — the day before Sandberg's deposition, Plaintiffs served their 7th set of interrogatories, asking that Deere provide information regarding the cost of employee benefits provided to each Plaintiff.[8] The next day, November 26, Plaintiffs filed their 8th set of interrogatories, asking Deere to provide salary information for Lenius and Forster.[9] On December 10, 2013, Plaintiffs filed their 9th set of interrogatories, asking Deere to provide additional pay and bonus information.[10] Defendants responded to the first two sets of additional interrogatories on December 30, 2013, and responded to the final set on January 13, 2014.[11] The Court is unable to determine precisely what additional information was provided.

Meanwhile, on December 2, Defendants' counsel sent a letter to Plaintiffs' counsel, noting that "we now know that Sandberg does not consider those reports to be complete," and asking that "Plaintiffs supplement their initial disclosures and answer to the damages interrogatory immediately so that we may have a complete understanding regarding the damages that Plaintiffs intend to seek at trial."[12] On December 4, Plaintiffs filed a supplement to their initial disclosures, indicating that the report of Sandberg is "incomplete at this time as Mr. Sandberg is awaiting further documentation from John Deere that has

---

[7] *Id.*, ¶ 14.

[8] *See* Exhibit L-1.

[9] *See* Exhibit L-2.

[10] *See* Exhibit L-3.

[11] *See* Exhibits M-1, M-2, and M-3.

[12] *See* Exhibit N.

been requested but not yet received."[13] As noted above, Defendants served responses to Plaintiffs' 7th, 8th, and 9th set of interrogatories on December 30, 2013, and January 13, 2014.

On February 2, 2014, Sandberg sent Plaintiffs' attorney a one-page "addendum" to his reports of December 27 and 28, 2012.[14] According to Sandberg, "subsequent discovery" established that "[t]he company has historically paid 12.2 percent of base pay annually for this pension benefit." After adding in the value of lost pension benefits, Sandberg estimated Lenius' total economic loss at $1,974,160, and Forster's loss at $1,781,932 — an increase of approximately 9.1% over his initial report. Three days later, on February 5, Plaintiffs filed a supplement to their initial disclosures.[15] The "supplemental report" of Sandberg was provided to Defendants at that time.

On September 25, 2014, Plaintiffs' counsel provided Defendants' counsel with a new report for each of the Plaintiffs, dated September 22, 2014.[16] For Lenius, Sandberg calculated two "scenarios," with the first assuming Lenius would remain at midpoint level 7 pay grade, and the second assuming that she would be compensated at midpoint level 8 pay grade throughout. Sandberg calculated Lenius' total economic loss, including the pension benefit, at $2,003,160 under the first scenario and $2,126,431 under the second scenario, an increase of 1.4% to 7.7% over his February 2 "supplemental" opinion. For Forster, Lenius assumed she would be compensated at level 8 pay grade throughout. Including the loss of pension benefits, Sandberg estimated Forster's total economic loss at $1,816,429, an increase of 1.9% over his February 2 opinion.

---

[13] *See* Exhibit O.

[14] *See* Exhibit C.

[15] *See* Exhibit P.

[16] *See* Exhibit D.

## II. DISCUSSION

Defendants ask the Court to "strike" Sandberg's reports dated February 2 and September 25, 2014, and ask that Sandberg be prohibited from testifying at trial regarding his untimely opinions.

FEDERAL RULE OF CIVIL PROCEDURE 26 requires the parties to make certain initial disclosures. Among other things, a party must disclose the identity of any witness it may use at trial to present expert testimony. *See* FED. R. CIV. P. 26(a)(2)(A). In the case of a retained expert, the disclosure "must be accompanied by a written report — prepared and signed by the witness." RULE 26(a)(2)(B). The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i)-(vi).

Here, Plaintiffs identified Mike Sandberg in their timely-served initial disclosures. Plaintiffs also provided Sandberg's two-page report dated December 27 or 28, 2012. While the report is not fully compliant with RULE 26(a)(2)(B), it states Sandberg's opinion regarding the economic loss suffered by the Plaintiffs, and provides a summary of his assumptions and calculations made in that regard. Significantly, the report is described in the first sentence as a "preliminary" evaluation and notes in the final sentence that it does not include pension benefits.

6

FEDERAL RULE OF CIVIL PROCEDURE 26(e) requires a party to timely supplement or correct any disclosure made under RULE 26(a). Specifically, "[f]or an expert whose report must be disclosed under RULE 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information during the expert's deposition." FED. R. CIV. P. 26(e)(2). The RULE further requires that "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under RULE 26(a)(3) are due."[17] *Id.*

Here, Plaintiffs served their supplemental initial disclosures on February 5, 2014. The supplemental initial disclosures references "past and future loss of wages" and refers Defendants to "the report and supplemental report of Mike Sandberg." Presumably, this refers to the December 2012 report and the February 2, 2014 addendum. As noted by Defendants, the supplemental report was served nearly nine months after Plaintiffs' deadline for disclosing expert witnesses, more than two months after Sandberg's deposition, and a few days after the deadline for completion of discovery.[18] Nearly eight months later, on September 25, 2014, Plaintiffs' counsel provided Defendants' counsel with a new report from Sandberg, dated September 22, 2014. This report comes 16 months after the deadline for disclosure of expert testimony, 10 months after Sandberg's deposition, and 8 months after the deadline for completion of discovery.

---

[17] FEDERAL RULE OF CIVIL PROCEDURE 26(a)(3)(A) requires a party to provide to the other parties information regarding witnesses and exhibits. RULE 26(a)(3)(B) provides that these disclosures must be made at least 30 days before trial, "[u]nless the court orders otherwise." Here, the parties are required to submit a proposed final pretrial order, including witnesses and exhibits, not later than 7 days prior to the final pretrial conference (which is scheduled on January 30, 2015). *See* Order Scheduling Trial filed in the Forster case (docket number 31) at 2, ¶ 3.

[18] Initially, discovery was to be completed by December 31, 2013, but the deadline was extended at the parties' request until January 31, 2014.

FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1) provides that if a party fails to provide information required by RULE 26(a) or (e), then the party is not allowed to introduce that evidence at trial "unless the failure was substantially justified or is harmless." Defendants argue that the opinions expressed by Sandberg in his reports of February 2 and September 25, 2014, were not timely, and Plaintiffs' failure to disclose them earlier was not substantially justified and is not harmless. Plaintiffs argue, on the other hand, that Sandberg's reports merely supplemented his earlier opinion and, in any event, Plaintiffs do not suffer any prejudice if they are permitted to redepose Sandberg.

If the opinions expressed by Sandberg in his February 2 and September 25, 2014, reports are merely "supplemental," then Plaintiffs have complied with RULE 26(e), and the imposition of sanctions is not appropriate. Sandberg's initial reports in December 2012 noted that it was a "preliminary" evaluation and did not include the value of lost pension benefits. Sandberg's February 2, 2014, addendum simply includes the pension calculation and increases the valuations by approximately 9.1%. This adjustment was apparently based on information provided by Defendants in their responses to Plaintiffs' 7th, 8th, and 9th set of interrogatories. Sandberg's September 25, 2014, reports also include the pension calculation and, if the Court understands the reports correctly, changes the assumption regarding Lenius' pay grade level. There is no explanation provided as to why Sandberg changed his assumptions and his conclusions at this late date.

The Court concludes that Sandberg's report of February 2, 2014, merely supplemented his initial reports of December 2012, by including his calculation for pension benefits, which he noted was not included in the initial report. The Court further concludes, however, that Sandberg's September 25, 2014 report — issued nearly eight months later — cannot legitimately be considered a "supplemental" report. It is apparently not based on any new information provided by Defendants. Rather, Sandberg apparently

decided for whatever reasons to adjust his earlier assumptions regarding Lenius' pay grade level.

If a party fails to comply with RULE 26(a) or (e), the Court has "wide discretion to fashion a remedy or a sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In fashioning an appropriate remedy, the Court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* For example, if a subsequent report materially alters, and does not merely clarify, the original report, then the Court has broad discretion to prohibit the use of the second report. *Williams v. Tesco Services, Inc.*, 719 F.3d 968, 976 (8th Cir. 2013).

In *In re Baycol Products Litigation*, 596 F.3d 884 (8th Cir. 2010), the Court considered the admissibility of a supplemental expert report submitted seven months after the expert's deposition was taken and nearly a year after the court-imposed deadline. The only explanation given by the plaintiff was that the expert had "reviewed the records of Mr. Flesner in greater detail." In finding that the district court did not abuse its discretion in denying the use of the supplemental report, the Court found that "[t]his explanation is insufficient, as there is nothing in the record to indicate that Dr. Mayer could not have reviewed Flesner's records in detail at the time of his initial report." *Id.* at 888. *But see Dunning v. Bush*, 536 F.3d 879, 889 (8th Cir. 2008) (finding that the district court abused its discretion by disallowing the use of a supplemental report when the initial report noted that "a precise value for the Cement Supply Agreement would be determined when more information was available").

After considering all of the facts and circumstances in this case, the Court concludes that Sandberg should be permitted to testify regarding the value of lost pension benefits,

as found in his addendum report of February 2, 2014. The Court notes, however, that the 13-month delay in providing the supplemental report is attributable entirely to Plaintiffs. On July 9, 2013, Sandberg wrote to Plaintiffs' counsel, reminding him that "additional information [is] needed to complete my analysis of the referenced individuals lost employer-paid fringe benefits, . . . especially the employer's contribution to the employees' defined pension benefit."[19] Despite the fact that Sandberg's deposition was scheduled for November 25, 2013, Plaintiffs took no action to obtain the required information until the day prior to the deposition. Because Plaintiffs delayed for more than one year in obtaining the information necessary for Sandberg to render an opinion regarding the value of pension benefits, and because the supplemental report was not provided until after Defendants had taken Sandberg's deposition, the Court concludes that Defendants should be permitted to depose Sandberg a second time on the opinions found in the February 2, 2014 report. This deposition will be taken at Plaintiffs' expense, including the expert witness fee, court reporter expenses, and Defendants' reasonable attorney fees.

Regarding the opinions expressed by Sandberg in his September 25, 2014 report, the Court finds that it is not a supplemental report and was not timely disclosed. It comes 16 months after the deadline for disclosure of expert testimony, 10 months after Defendants took Sandberg's deposition, and 8 months after the deadline for completion of discovery. Trial is only three months away. Defendants should not be required to start over in attempting to discover Sandberg's most recent opinions. At this late stage of the proceedings, it would likely require Defendants to alter the nature of their expert testimony. Because Plaintiffs' failure to disclose Sandberg's most recent opinions was not substantially justified and is not harmless, the Court concludes the September 25, 2014 report should be "stricken" and Sandberg's testimony should be limited to the opinions

---

[19] *See* Exhibit K-8 at 16.

expressed in his December 2012 report, as supplemented by the February 2, 2014 report, and his deposition testimony.

### III. ORDER

IT IS THEREFORE ORDERED that the Motion to Strike (docket number 108 in the Lenius case and docket number 96 in the Forster case) is **GRANTED in part** and **DENIED in part** as follows: Sandberg's report of September 25, 2014 will be stricken. Sandberg's testimony will be limited to the opinions expressed in his December 2012 report, as supplemented by his February 2, 2014 addendum, and his deposition testimony. Defendants may re-depose Sandberg for the purpose of asking about the opinions found in his February 2, 2014 report. The deposition will be taken at Plaintiffs' expense, including any expert witness fee, court reporter expenses, and reasonable attorney fees.

DATED this 12th day of November, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA