IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| WANDA JO LENIUS,<br><br>    Plaintiff,<br><br>vs.<br><br>DEERE & COMPANY *et al.*,<br><br>    Defendants.<br>------------------------------------------------<br>GAYLE LELA FORSTER,<br><br>    Plaintiff,<br><br>vs.<br><br>DEERE & COMPANY. *et al.*,<br><br>    Defendants. | No. C12-2063<br><br><br><br><br><br><br><br>No. C12-2072<br><br>RULING ON MOTION TO<br>PERPETUATE TESTIMONY |

On the 26th day of November 2014, these matters came on for telephonic hearing on the Motion for Authorization to Perpetuate by Videography Trial Testimony of Unavailable Witnesses, filed by Defendants on November 17. The Plaintiffs were represented by their attorneys, Gregory T. Racette and Amy B. Pellegrin. The Defendants were represented by their attorneys, Frank Harty, Debra Hulett, and Frances M. Haas.

### I. BACKGROUND

On August 31, 2012, Wanda Lenius filed a complaint seeking damages for sex and age discrimination. Gale Forster filed a similar complaint on October 15, 2012. Initially, Lenius was set for trial on December 8, 2014, and Forster was set for trial on February 23, 2015. At Plaintiffs' request, however, the Court recently ordered the cases consolidated for trial, with the trial to begin on February 23, 2015.

Defendants assert that some of the witnesses who they intended to call at the December trial are unavailable for the February trial. Defendants intended to use the witnesses' December trial testimony at the February trial. Because the December trial has now been consolidated with the February trial, however, and because the witnesses are unavailable to testify live at the consolidated trial in February, Defendants ask that they be permitted to perpetuate the trial testimony of the witnesses by videography. Plaintiffs resist.

Defendants initially identified six current or former Deere employees for this purpose: Richard McAnally, Robert Krogh, Michael McGonegle, Gary Dangelser, Linda Hibben, and Daria Jerauld. In a supplemental filing, however, Defendants state McGonegle is available the first week of trial but will be out of state during the second week of trial. At the hearing, Plaintiffs' counsel agreed that McGonegle could be called out of order, if necessary, and therefore Defendants are no longer seeking to perpetuate McGonegle's testimony.

The Court was advised that McAnally and Krogh are still in Iowa, but will be leaving for their winter residences in Florida at about the end of December. Dangelser is already at his winter residence in Arizona and has no plans to return to Iowa prior to the scheduled trial. Hibben is in Florida, where she now resides.[1] Hibben is reluctant to travel to Iowa due to family issues identified by counsel at the hearing. Jerauld lives in Kansas and is reluctant to travel due to health issues. Jerauld remains an employee of Deere, however, and counsel reported that she would return to Iowa for the trial, if necessary.

## II. DISCUSSION

Plaintiffs deposed all six witnesses in October, November, and December 2013. With one exception, the depositions took place in Waterloo or Cedar Rapids. Hibben was

---

[1] Apparently, however, Hibben also maintains a residence in Iowa.

deposed in Naples, Florida, with Plaintiffs' counsel appearing telephonically. Defendants' counsel attended each of the depositions, but did not ask any questions.

FEDERAL RULE OF CIVIL PROCEDURE 32(a)(4)(B) provides that if a witness is more than 100 miles from the place of trial, then "[a] party may use for any purpose the deposition of a witness, whether or not a party." Defendants aver the witnesses will be more than 100 miles from Cedar Rapids during the February trial, and Plaintiffs do not challenge that factual assertion. Accordingly, it is clear that at the time of trial either party may use, for any purpose, the depositions taken of the witnesses in 2013.

Defendants argue, however, that because the witnesses are unavailable in February 2015, they should be permitted to take a second deposition to perpetuate the witnesses' testimony for use at trial. According to Defendants, it is "common practice" for a party to not ask questions of its own witnesses at a deposition conducted by the opposing party, with the intent to call the witnesses live at the time of trial. When the depositions were taken in 2013, Defendants anticipated that the witnesses would be available to testify at the December 2014 trial, and the trial testimony could then be used at the February 2015 trial. However, according to Defendants, the circumstances changed when the Court recently consolidated the trials at Plaintiffs' request.

Defendants' motion speaks in terms of "perpetuating" the witnesses' trial testimony. While FEDERAL RULE OF CIVIL PROCEDURE 27 authorizes depositions to perpetuate testimony, Defendants apparently concede it has no application here. More accurately, Defendants are asking that they be permitted to take "trial depositions" of the unavailable witnesses. While the term is not found in the FEDERAL RULES OF CIVIL PROCEDURE, when discussing this issue I will describe the relief sought by Defendants as a "trial deposition."

As noted by Judge Bennett in *Estate of Thompson v. Kawasaki Heavy Industries, Ltd.*, 291 F.R.D. 297 (N.D. Iowa 2013), "[n]either the Rules of Civil Procedure nor the Rules of Evidence make any distinction between discovery depositions and depositions for use at trial." *Id.* at 303 (quoting *Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556, 557

(D. Minn. 1991). *See also Integra Lifesciences I, Ltd v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999) ("The Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial."). While the RULES make no distinction between discovery depositions and trial depositions, however, it is undisputed that "trial depositions" are occasionally conducted by agreement of the parties, even when the witness is *not* unavailable. For example, Plaintiffs' counsel acknowledged at the hearing that parties often take the trial deposition of a doctor in lieu of live testimony, to accommodate the doctor's schedule.

The issue here is whether a party can force a trial deposition absent an agreement from the opposing party. There appears to be a line of cases which strictly construe the RULES and conclude that there is no provision for a trial deposition in most circumstances. A second line of cases recognizes, however, the "common practice" of taking trial depositions and concludes that such a deposition may be authorized over the other party's objection.

In *Henkel*, the Court addressed circumstances similar to those presented here. The plaintiff's counsel took the deposition of a former employee of the defendant. Counsel for defendant did not ask any questions at the deposition. Because the witness lived in a different state, the defendant wanted to conduct a second deposition for use at trial. The Court concluded the defendant was not entitled to a trial deposition.

> Neither the Rules of Civil Procedure nor the Rules of Evidence make any distinction between discovery depositions and depositions for use at trial. The court concludes there is no difference. (citations omitted) A party who makes the tactical decision during a deposition to refrain from examining a witness who is beyond the subpoena power of the court, takes the risk that the testimony could be admitted at trial if the witness will not or cannot appear voluntarily.

*Henkel*, 133 F.R.D. at 557. However, the *Henkel* Court recognized a possible exception to the general rule that trial depositions are not permitted:

> The court concludes that absent an agreement of the parties, *or some compelling circumstance that would cause a miscarriage of justice if a late deposition is not allowed*, all depositions must be completed is [*sic*] governed by the discovery termination date of the pretrial schedule.

*Id.* at 558 (emphasis added).

The Court in *Integra* reached the same conclusion. There, the witness was not deposed during the ordinary course of discovery and the defendants sought leave to take a trial deposition of the witness. The Court noted that the RULES do not distinguish between discovery depositions and trial depositions, and denied the defendants' request to take a trial deposition.

> Based upon the lack of distinction in the Federal Rules between trial and discovery depositions, it has been held that there is no difference between the two, and that if a party wishes to introduce deposition testimony at trial, that testimony should [be] procured during the time set by the court to conduct discovery absent exceptional circumstances.

*Integra*, 190 F.R.D. at 559. The *Integra* Court found the reasoning in *Henkel* to be persuasive and concluded that "[w]here a party makes a tactical decision during discovery to refrain from deposing a non-party witness who is beyond the subpoena power of the court, but who has relevant information to offer in the case, that party takes the risk that the testimony will not be presented at trial if the witness does not voluntarily appear." *Id.* The Court was careful to note, however, that "[t]his is not to say that there may be appropriate circumstances under which a party could proceed to take a deposition of a witness to perpetuate testimony at trial." *Id.* As examples, the Court suggested a circumstance where a witness had "suddenly moved" outside the Court's subpoena power or who "becomes seriously ill and is physically unable to testify at trial." *Id.* According to the Court, "[d]enial of leave to conduct trial depositions under these circumstances

5

would constitute 'a miscarriage of justice.'" *Id.* (citing *Henkel*, 133 F.R.D. at 558). *See also Reed v. Malone's Mechanical, Inc.*, 2012 WL 3095096 (W.D. Ark.) at *2.

A second line of cases suggests, however, that "[e]ven though the rules provide no distinctions as between discovery and trial depositions, courts have recognized as a practical matter that, in fact, differences exist." *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D. Colo. 2001). The Court noted that "attorneys normally do not depose their own witnesses, or 'friendly' witnesses, for purposes of discovery." *Id.* at 355. In fact, the judge in *Estenfelder* opined that the *Henkel* Court and *Integra* Court "are simply ignoring reality." *Id.*

> I question the need for these courts to ignore the very real and practical differences which exist, in fact, between depositions which the parties need to take for purposes of discovery, and depositions which parties need to take for purposes of presenting the testimony at trial. Any effort to eliminate or ignore these practical differences will likely lead to the exclusion from trial of testimony and evidence which, under the rules, a party is entitled to preserve and present. The result is a trial which is incomplete and unfair.

*Estenfelder*, 199 F.R.D. at 355. Other courts have reached the same conclusion. *See Mathews v. Denver Newspaper Agency LLP*, 2009 WL 112819 (D. Colo.) at *2 ("Like the court in *Estenfelder*, I find that there is a practical distinction between a trial deposition and a discovery deposition."); *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) ("Although the Federal Rules of Civil Procedure do not clearly differentiate between the two types of depositions, this distinction is generally recognized by the courts in this judicial district."); *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) (finding that "[t]he distinction [between a discovery deposition and a trial deposition] is a valid one."). *See also Lucas v. Pactiv Corp.*, 2009 WL 5197838 (W.D. Va.) at *4 (reviewing the respective cases and concluding that a majority of the courts have recognized "what can be fairly described as a federal common law distinction between

'discovery depositions' and 'trial depositions' and have held the latter category permissible even after the discovery deadline has past").

Both approaches permit trial depositions under certain circumstances. The first line of cases finds that depositions taken after the deadline for discovery has expired — so-called "trial depositions" — are not recognized under the RULES, but are nonetheless permitted if there is "some compelling circumstance that would cause a miscarriage of justice if a late deposition is not allowed." *Henkel*, 133 F.R.D. at 558. The second line of cases concedes the RULES do not distinguish between discovery and trial depositions, but nonetheless recognize that trial depositions are commonly employed in practice. These courts would resolve the issue as "an ordinary discovery problem." *Estenfelder*, 199 F.R.D. at 355. I believe the approach employed by the first line of cases demonstrates greater fidelity to the FEDERAL RULES OF CIVIL PROCEDURE. That is, absent an agreement of the parties, I do not believe a trial deposition is permitted under the RULES, unless failure to grant the deposition would cause a miscarriage of justice.

With these general principles in mind, I turn to the facts in the instant action. I first note that even if the witnesses do not appear live at the trial, some of their testimony is nonetheless admissible. Plaintiffs took a "discovery deposition" of all six witnesses in 2013. It is expected that the witnesses will be more than 100 miles from Cedar Rapids at the time of trial and, therefore, either party may use the depositions for any purpose. *See* FED. R. CIV. P. 32(a)(4)(B). While the witnesses' deposition testimony is limited to answers given to questions asked by Plaintiffs' attorney, that is the risk Defendants took by not asking their own questions when they had an opportunity to do so.

I also note that Defendants could compel the appearance of at least three of the remaining five witnesses, if they chose to do so. That is, McAnally and Krogh are still in Iowa and could be served with subpoenaes to appear at the trial in February. Jerauld remains an employee of Deere and, presumably, could be compelled to appear at her employer's request. Defendants would prefer not to compel the witnesses' testimony for

several reasons. First, it is an inconvenience for McAnally and Krogh to leave the warmth of their winter residences in Florida and return to a snowy Iowa in February for attendance at a trial. Second, Defendants would presumably be required to reimburse McAnally and Krogh for travel expenses. Jerauld, who lives in Kansas, is reluctant to travel due to health issues. Defendants' counsel conceded at the hearing, however, that Jerauld is able to travel, if necessary.

It does not appear that Defendants could compel the attendance of Dangelser and Hibben at this point. Dangelser is already at his winter residence in Arizona and beyond Defendants' subpoena power. Similarly, Hibben resides in Florida. While both Dangelser and Hibben are former Deere employees, the Court assumes Deere has no power to compel their attendance at a trial in Iowa. However, the Court notes that would have been true even if the December trial had not been consolidated with the February trial. That is, the principal reason given by Defendants regarding the need to take trial depositions is the recent continuance of the December trial. But the problems with Dangelser and Hibben testifying at the trial are unrelated to the continuance.

After considering all of the circumstances, the Court cannot find that it would be a "miscarriage of justice" to deny Defendants' request to take trial depositions. But for considerations of convenience and cost, Defendants can secure the attendance of McAnally, Krogh, and Jerauld. Regarding Dangelser and Hibben, those witnesses were beyond the subpoena power of Defendants even if the December trial had not been consolidated with the February trial. When a party decides not to ask questions during a "discovery deposition" taken by the other party, it runs the risk that the witness will be unavailable at the time of trial and it will be stuck with the answers given to questions asked by the opposing party.

Alternatively, Defendants ask that the witnesses be permitted to testify at the trial by videoconference. FEDERAL RULE OF CIVIL PROCEDURE 43(a) provides generally that a "witnesses' testimony must be taken in open court." The RULE further provides,

8

however, that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The Advisory Committee Notes remind us, however, that testimony by videoconferencing is limited to a showing of compelling circumstances.

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. *Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.*

FED. R. CIV. P. 43(a) Advisory Committee Notes to 1996 Amendment (emphasis added). The Advisory Committee Notes further observe that "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.*

For the reasons described above, I conclude that Defendants have not shown "good cause in compelling circumstances" to permit testimony by videoconferencing, absent an agreement by Plaintiffs. As previously explained, Defendants have the ability to compel the attendance of three of the remaining five witnesses. The testimony of the remaining two witnesses, given at their depositions, may be offered by either party for any purpose. I do not believe that this is one of those rare cases where remote testimony is justified, absent an agreement by the parties.

### III. ORDER

IT IS THEREFORE ORDERED that the Motion for Authorization to Perpetuate by Videography Trial Testimony of Unavailable Witnesses (docket number 116 in *Lenius* and docket number 106 in *Forster*) is **DENIED**.

DATED this 4th day of December, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA