IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| WANDA JO LENIUS,<br><br>    Plaintiff,<br><br>vs.<br><br>DEERE & COMPANY *et al.*,<br><br>    Defendants. | No. C12-2063 |
| GAYLE LELA FORSTER,<br><br>    Plaintiffs,<br><br>vs.<br><br>DEERE & COMPANY. *et al.*,<br><br>    Defendants. | No. C12-2072<br><br>ORDER GRANTING MOTION TO BIFURCATE |

On the 13th day of January 2015, these matters came on for hearing on the Motions to Bifurcate Trial filed by the Defendants on November 25, 2014. The Plaintiffs were represented by their attorneys, Gregory T. Racette and Amy B. Pellegrin. The Defendants were represented by their attorneys, Frank Harty and Frances M. Haas.

On February 23, 2015, the claims of Wanda Lenius and Gayle Forster will be heard by a jury in a consolidated trial. Lenius and Forster make similar claims arising out of their employment at Deere & Company. Initially, Plaintiffs' claimed sex discrimination, age discrimination, harassment, hostile work environment, retaliation, a violation of the Iowa Equal Pay Act, and defamation. Their husbands, Gary Lenius and Gregory Forster, also claimed retaliation. In ruling on motions for summary judgment filed by Defendants in each case, however, the Court dismissed all claims except for claims of sex and age

discrimination arising from Plaintiffs' failure to receive a promotion to pay grade 7 in May 2004 when GJE was implemented.

Defendants ask the Court to bifurcate the liability and damages phases of the trial. Defendants argue they will be severely prejudiced if Plaintiffs are permitted to introduce evidence of workplace incidents which *may* be relevant to damages, but are irrelevant to the remaining issues of liability. They also assert bifurcation will promote judicial economy. Plaintiffs resist.

FEDERAL RULE OF CIVIL PROCEDURE 42(b) authorizes the Court to separate issues for trial "[f]or convenience, to avoid prejudice, or to expedite and economize." In exercising its "broad discretion" to bifurcate issues for purposes of trial, the Court should consider "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990). Factors which the courts traditionally consider include: (1) the complexity of the damages issues; (2) potential for juror confusion; (3) overlap of the issues to be tried; and (4) prejudice to either party. *Cedarapids, Inc. v. CMI Corp.*, 1999 WL 33656876 at *1 (N.D. Iowa).

Both Plaintiffs claim severe emotional distress resulting from their treatment while employed at Deere. Both Plaintiffs claim that they are totally disabled as a result of emotional injuries sustained by Defendants' wrongful conduct, and are receiving social security disability benefits. It appears, however, that Plaintiffs' alleged injuries flow from a long list of perceived wrongs committed by Defendants, and are not simply limited to damages caused by Defendants' alleged sex and age discrimination.

Before reaching the issue of damages, the jury must first determine whether Defendants discriminated against Plaintiffs in failing to promote them to pay grade 7 when GJE was implemented. Clearly, Plaintiffs are entitled to offer evidence having any tendency to make that fact more probable than it would be without the evidence. FED. R. CIV. P. 401. It is also clear, however, that Plaintiffs cannot offer evidence that

is irrelevant. RULE 402. Here, Plaintiffs apparently intend to offer evidence regarding their dismissed claims of harassment, hostile work environment, retaliation, and defamation, on the theory that it is all related to their claims for damages. I believe, however, that much of the evidence regarding Plaintiffs' dismissed claims are irrelevant to the remaining claims of sex and age discrimination when GJE was implemented in May 2004. The Court cannot simply exclude the irrelevant evidence, however, because some of the evidence may be admissible on the issue of damages. That is, if liability and damages are heard in a unified trial, then the jury would likely hear a substantial amount of evidence which is irrelevant to the remaining liability issues, but may be admissible on the issue of damages.

Under the circumstances in this case, I believe that Defendants would be substantially prejudiced if Plaintiffs are permitted to introduce evidence of their dismissed claims, ostensibly on the issue of damages only. For example, when Wanda Lenius reported to the plant for a medical appointment on February 17, 2005, her car was towed. Lenius testified that she "went nuts" and "literally had a breakdown in front of the whole cafeteria" That was the last day she worked at Deere. While this episode *may* be relevant to the issue of damages, it is clearly irrelevant to the issue of whether her failure to receive a raise in May 2004 resulted from discrimination. Both Lenius and Forster have claims of wrongdoing by Deere and its employees which are likely inadmissible on the liability claims remaining for trial. Because some of the evidence may be admissible on the issue of damages and inadmissible on the issue of liability, I believe that under the unique circumstances of this case, the trial should be bifurcated.

Bifurcation also serves to promote judicial economy. The damages portion of this trial could be lengthy. In addition to lost wages and benefits, both Plaintiffs claim extensive emotional distress. This will likely require lengthy examination and cross-examination of both Plaintiffs, their husbands, and others. There are at least five expert witnesses identified by the parties, including psychiatrists, psychologists, and a damages

expert. Each of the experts will apparently provide detailed testimony regarding each of the Plaintiffs. Plaintiffs have also identified other medical professionals.

After carefully considering all of the circumstances, the Court concludes that the issue of liability should be bifurcated from the issue of damages. If the jury returns a verdict finding Defendants discriminated against Plaintiffs in failing to promote them to pay grade 7 when GJE was implemented, then the trial will continue immediately — using the same jury — with the introduction of additional evidence and argument on the issue of damages. The jury will be told at the beginning of the trial that it will first hear evidence and argument on the issue of liability, and that if it finds for Plaintiffs on the issue of liability, then it will hear additional evidence and argument on the issue of damages.

## ORDER

IT IS THEREFORE ORDERED that the Motions to Bifurcate Trial (docket number 122 in case number 12-cv-2063 and docket number 112 in case number 12-cv-2072) filed by Defendants is **GRANTED**. The issues of liability and damages will be bifurcated for trial, as set forth above.

DATED this 20th day of January, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA